FILED
August 19, 2011
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

0003715624

David C. Johnston (SBN 71367)
Attorney at Law
Johnston & Johnston Law Corp.
627 13th Street, Suite E
Modesto, California 95354
Telephone: (209) 579-1150
FAX: (209) 579-9420

Attorney for Debtor
DKW Precision Machining Inc.

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>DKW Precision Machining Inc.,<br><br>    Debtor.<br>_____/ | Case No. 11-38958<br>Chapter 11 Case<br><br>Hearing: August 31, 2011<br>Time: 10:00 a.m.<br>Place: Courtroom 34<br>      501 I Street, 6th Floor<br>      Sacramento, California |

### DEBTOR'S CHAPTER 11 STATUS REPORT

DKW Precision Machining Inc. (the "Debtor") submits the following status report pursuant to the Court's order of August 4, 2011.

**(1) Post-Petition Activities.**

*Background Information.*

The Debtor is a custom metal fabricator and operates a machine shop in Manteca, California.

It owns the real property where it conducts business and it owns the equipment it uses. Both the real property and the equipment are encumbered.

The Chapter 11 petition was prompted by a judicial foreclosure action filed by the holder of a third deed of trust on the Debtor's real property. The Debtor did not execute the promissory note which the deed of trust purportedly secures and there are other issues.

The Debtor does not owe any income tax, payroll tax, or sales tax. The only taxes owed by the Debtor are property taxes.

*Post-Petition Activities.*

The Chapter 11 petition was filed on August 2, 2011.

The Debtor immediately opened its debtor in possession bank account.

The Debtor's schedules of assets and liabilities, statement of financial affairs, list of creditors holding 20 largest unsecured claims, list of equity security holders, attorney's fee disclosure statement, and all other required documents were filed with the Court.

The Debtor's president and attorney will attend the initial debtor interview with an accounting analyst for the U.S. Trustee. The required documents were provided to the U.S. Trustee.

The meeting of creditors required by 11 U.S.C. § 341 is scheduled to be held on September 8, 2011 and the Debtor's president will appear.

The U.S. Trustee has not appointed a committee of unsecured creditors.

**(2) Filing of a Plan.**

The Debtor intends to file a plan on or before January 29, 2012, the end of the 180 day exclusivity period for small business cases.

**(3) Cramdown.**

The Debtor does not expect to rely on the cramdown provisions of 11 United States Code § 1129(b).

**(4) Valuation of Assets.**

The Debtor does not anticipate any disputes concerning the value of assets.

**(5) Cash Collateral and Adequate Protection.**

There may be one lender with an interest in cash collateral, Bank of the West. The lender is fully secured by a senior security interest in the Debtor's equipment and a second deed of trust on the Debtor's real property. The Debtor maintains no inventory and had only $57.00 in cash on the petition date. The Debtor expects to reach an agreement with the

lender in the immediate future for the use of cash collateral, if applicable.

The Debtor intends to propose adequate protection payments to each creditor with an allowed secured claim approximately equal to the monthly accrual of interest.

**(6) Environmental Issues.**

The Debtor is unaware of any claims which are based on environmental laws.

**(7) Objections to Claims.**

The Debtor expects two significant objections to claims as follows:

(a) The Debtor was not the maker of the promissory note for which the third deed of trust on the Debtor's real property is purportedly security, and the value of the real property is less than the balance due on the loans secured by first and second deeds of trust. To the extent the holder of the third deed of trust asserts an unsecured claim against the Debtor, the Debtor will object to the claim.

(b) The Debtor entered into an arrangement with National City Bank which purports to be an equipment lease. However, at the end of the term, the Debtor has the right to purchase the equipment for $1.00. The Debtor believes this is a disguised security agreement rather than a lease. If the current holder of the claim, TCF Equipment Finance, Inc., asserts a claim for all future "lease" payments, the Debtor will object to the claim.

**(8) Post-confirmation Sale of Assets.**

The plan is not expected to include any provision for the post-confirmation sale of assets which might require the involvement of the Court.

/////
/////
/////
/////
/////
/////
/////

Debtor's Chapter 11 Status Report         Page 3

**(9) Anticipated Professional Fees.**

The Debtor, in its capacity as debtor in possession, employed David C. Johnston as their attorney in the Chapter 11 case. An order authorizing his employment will be sought after the 21 day waiting period has expired. Attorney's fees through confirmation of a plan are estimated to be $12,000.00.

No other professionals are expected to be employed.

Dated: August 19, 2011

Respectfully submitted,

/s/ David C. Johnston

David C. Johnston
Attorney for Debtor
DKW Precision Machining Inc.

/////

/////

/////

/////

/////

/////

/////

Debtor's Chapter 11 Status Report          Page 4